# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Hulley Enterprises, Ltd., Yukos Universal Ltd., and Veteran Petroleum, Ltd. *Petitioners-Appellees*, v. The Russian Federation, *Respondent-Appellant*. | Case No. 23-7174 |

## UNOPPOSED EMERGENCY MOTION TO EXTEND TODAY'S FILING DEADLINE BY FOUR BUSINESS DAYS

David P. Riesenberg
PINNA LEGAL U.S. PLLC
10 G Street, NE, Suite 600 (Room 648)
Washington D.C. 20002
+1 (202) 549-2477
driesenberg@pinna-legal.com

May 22, 2024

*Counsel for Respondent-Appellant*

Respondent-Appellant Russian Federation ("Respondent") respectfully asks this Court to extend the deadline for the Reply Brief by four (4) business days from May 22, 2024, until May 29, 2024. This is Respondent's first request for an extension. Petitioners-Appellees ("Petitioners") do **not** oppose Respondent's request and thus **consent** to the extension.

This extension will not affect the oral argument schedule in accordance with the D.C. Circuit's Rule 28(e)(2). The extension is justified by good cause, including the need of a foreign sovereign State to deliberate and approve practically simultaneous filings[1] regarding overlapping issues in four different national jurisdictions, including unexpected developments and important legal questions of first impression in this case involving a $50 billion arbitration award, as detailed below.

*First*, this multijurisdictional dispute involves ongoing parallel litigation between Petitioners and Respondent in four jurisdictions: the Netherlands, the United States, the United Kingdom, and Luxembourg.

---

[1] As reflected in the attached email from Petitioners' Counsel, the parties have come to agreement on the extension—despite slight miscommunication regarding the terminology and procedural timeline. For example, the U.K. "submission" is a submission of "written evidence" rather than a "submission" of legal arguments. The Luxembourg submission on May 30, 2024, concerns the related *Yukos Capital* litigation, rather than the *Yukos Universal* litigation (for which the submission will likely be several months from now). In any event, as requested by Petitioners' Counsel, the undersigned has attached the email reflecting Petitioners' understanding of the procedural timeline for the avoidance of doubt.

By coincidence, the courts in all four jurisdictions scheduled deadlines for Respondent's filings of substantial and important submissions within approximately ten days of one another.[2]

For these four submissions, necessary coordination amongst Respondent, a foreign state, and its lawyers in the Netherlands, United States, United Kingdom, and Luxembourg has been unavoidably time-consuming and labor-intensive, including because of the extensive overlap of factual and legal issues. *See, e.g.*, Fifth Decl. of Prof. Albert Jan van den Berg & Annex B (*Hulley Enterprises Ltd., v. Russian Federation*, Case No. 14-CV-1996 (D.D.C. ECF 180)) (describing "the extensive overlap between the legal issues and applicable standards in . . . most—if not all—of the parallel litigation").

***Second***, in the middle of this intense schedule, the Honorable Judge Charles N. Brower ("Judge Brower") moved for leave to file an *Amicus Curiae* submission in this case, despite currently serving as an arbitrator in an ongoing arbitration brought against Respondent, *JSC Oschadbank v. Russian Federation*, PCA Case No.

---

[2] In the Dutch Supreme Court, Respondent was scheduled to file a lengthy and detailed petition for cassation before May 20, 2024 (and completed this submission on May 17, 2024). In the United States, Respondent is scheduled to file the Reply Brief on May 22, 2024. In the United Kingdom, Respondent is scheduled to make a significant evidentiary filing on May 24, 2024. In Luxembourg, the deadline for the *Yukos Universal Limited* litigation has not yet been scheduled, but Respondent's deadline for the related *Yukos Capital Limited* litigation (involving a separate but closely related $5 billion arbitration award) is scheduled for May 30, 2024.

3

2016-14.  *See* Response to Mot. for Leave to File *Amicus Curiae* Br. (Doc. #2055400).

Given that he is simultaneously sitting as an arbitrator in one case involving Respondent, it is deeply inappropriate for Judge Brower to advocate against Respondent as *Amicus Curiae* in a second case.  Accordingly, Judge Brower's unexpected intervention (in this case) also triggered procedural deadlines for Respondent to raise objections in both the arbitration (on May 21, 2024) and in the present appeal (on May 20, 2024).

***Third***, this Court is aware that governments—including those of foreign States, such as Respondent—take more time to make decisions than private litigants, including because of interagency deliberation and other similar procedures.  The long-established practice in the District Court, therefore, has consistently been to grant extensions of filing deadlines to permit foreign States "adequate time to confer with counsel" and "a full opportunity to present … arguments to the Court."  Min. Order, *Teco Guatemala Holdings, LLC v. Republic of Guatemala*, No. 17-cv-0102 (D.D.C. Jan. 22, 2020) (granting extension of a filing deadline over the objection of the opposing party).[3]

---

[3] E.g., Min. Order, *Deutsche Telekom AG v. Republic of India*, No. 1:21-cv01070 (D.D.C. Oct. 26, 2021) (granting a two-week extension over the objection of the opposing party); *Min. Order, Stati v. Republic of Kazakhstan*, No. 1:14-CV-01638 (D.D.C. Feb. 11, 2015) (granting 15-day extension over the objection of the

This sensible and prudent approach fully accords with international practice, as multiple former lawyers of the U.S. State Department have acknowledged. *E.g.*, Jeremy Sharpe, *Representing a Respondent State in Investment Arbitration in Litigating International Investment Disputes* 43, 73 (C. Giorgetti ed., 2014) ("it may be much more time-consuming for a State to prepare its pleadings and have them reviewed and approved by relevant government officials").[4]

\* \* \*

Accordingly, based on the above showing of good cause, Respondent's modest requested extension of four (4) business days for submission of the Reply Brief is justified. Respondent therefore respectfully asks this Court to grant the **unopposed** request for an extension.

---

opposing party); Min. Order, *Chevron Corp. v. Republic of Ecuador*, No. 1:12-CV01247 (D.D.C. Dec. 10, 2012) (granting 45-day extension over the objection of the opposing party).

[4] *See also* Rocío Digón & Marek Krasula, The ICC's Role in Administering Investment Arbitration Disputes in CONTEMPORARY ISSUES IN INTERNATIONAL ARBITRATION AND MEDIATION, 58, 67 n.27 (Arthur W. Rovine ed., 2014) (quoting a 2001 statement by Barton Legum that intra-governmental coordination with "interested agencies" is frequently "an unusually complex and time-consuming exercise," which "doubles the normal preparation time for government counsel"); Lucy Reed & Lucy Martinez, *The Convenient Myth of David and Goliath in Treaty Arbitration*, 3 WORLD ARB. & MED. REV. 443, 460 (2009) (confirming that foreign governments may "need more time" to prepare briefs and other submissions).

May 22, 2024                                Respectfully submitted,

                                            */s/ David P. Riesenberg*
                                            David P. Riesenberg (D.C. Bar No. 1033269)
                                            PINNA LEGAL U.S. PLLC
                                            10 G Street, NE, Suite 600 (Room 648)
                                            Washington D.C. 20002
                                            +1 (202) 549-2477
                                            driesenberg@pinna-legal.com


                                            *Counsel for Respondent-Appellant*

# **CERTIFICATE OF COMPLIANCE**

The undersigned Counsel certifies pursuant to Federal Rules of Appellate Procedure 27(d) and 32(g), that the foregoing submission is proportionally, spaced, has a typeface of 14 points or more, and contains 972 words.

May 22, 2024                                   Respectfully submitted,

                                               */s/ David P. Riesenberg*
                                               David P. Riesenberg

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using the CM/ECF system, which will send notification of the filing to counsel of record who are registered CM/ECF users.

May 22, 2024                                Respectfully submitted,

*/s/ David P. Riesenberg*
David P. Riesenberg

**Subject:** Re: HVY v. RF -- Extension of Four Days
**Date:** Wednesday, May 22, 2024 at 9:30:35 AM Eastern Daylight Time
**From:** David Riesenberg
**To:** Steven M. Shepard
**CC:** Jillian Hewitt, Stephanie Spies, Rodney Polanco, Jacob W. Buchdahl

Thanks, Steven.

I think we agree, but I will include this email as an Exhibit for the avoidance of doubt.

**From:** Steven M. Shepard <SShepard@susmangodfrey.com>
**Date:** Wednesday, May 22, 2024 at 9:27 AM
**To:** David Riesenberg <driesenberg@pinna-goldberg.com>
**Cc:** Jillian Hewitt <JHewitt@susmangodfrey.com>, Stephanie Spies <SSpies@susmangodfrey.com>, Rodney Polanco <RPolanco@susmangodfrey.com>, Jacob W. Buchdahl <jbuchdahl@susmangodfrey.com>
**Subject:** Re: HVY v. RF -- Extension of Four Days

**David,**

**You may state to the D.C. Circuit that HVY does not oppose the requested 4-business-day extension, provided that you agree to the requests made in this email regarding your forthcoming motion.**

**HVY does disagree with the several of the statements made in your email, as set forth below. So, if those or similar statements are made in the Russian Federation's motion for an extension, HVY requests that you note HVY's disagreement with those statements; that you attach this email as an exhibit to your motion; and that your motion refer the Court to this email for a statement of HVY's position as to these statements.**

1. **In <u>the Netherlands</u>, the Russian Federation filed its cassation appeal last Friday, May 17, 2024, even**

though the deadline was May 21, 2024. The Russian Federation has been aware of this deadline since February 20, 2024.

2. In <u>the United Kingdom</u>, the upcoming deadline is merely for the filing of <u>evidence</u>, not of "submissions" (i.e., the briefs containing legal arguments). The Russian Federation has been aware of this deadline since April 26, 2024, and has not requested any extension.

3. In <u>Luxembourg</u>, the Russian Federation's submissions were due on Tuesday, May 20, 2024. But on May 15, 2024, the Russian Federation applied to the Court of Appeal in Luxembourg for a <u>four-month</u> extension (until September 20, 2024), and YUL (the only Claimant in the Luxembourg proceeding) did not oppose that request. Although no formal response from the Court of Appeal to the Russian Federation's extension request has yet been received, my clients have been advised that the extension is sure to be granted because YUL did not oppose it. The Russian Federation appears to be of the same view, since it did not file any submissions in Luxembourg on May 20.

Respectfully,

Steven M. Shepard
Susman Godfrey LLP
Office: 212.729.2010
Cell: 914.282.5310

---

**From:** David Riesenberg <driesenberg@pinna-goldberg.com>
**Sent:** Tuesday, May 21, 2024 10:01:39 AM
**To:** Steven M. Shepard <SShepard@susmangodfrey.com>
**Cc:** Jillian Hewitt <JHewitt@susmangodfrey.com>; Stephanie Spies <SSpies@susmangodfrey.com>; Rodney Polanco <RPolanco@susmangodfrey.com>; Jacob W. Buchdahl <jbuchdahl@susmangodfrey.com>

**Subject:** HVY v. RF -- Extension of Four Days

EXTERNAL Email

Dear Steven,

I hope you are well. I am writing to request HVY's consent to an extension of four (4) business days to submit the Reply in Case No. 23-7174. I would be grateful for your answer by this afternoon.

There is sufficient justification based on the overlapping deadlines in the parallel litigation between HVY and RF in the Netherlands, the United Kingdom, and Luxembourg, as well as the United States. These four courts have all scheduled deadlines for the RF's submissions in these four parallel cases between May 20th and May 30th. We also are now dealing with translation issues. This is an objectively extraordinary situation, and the additional four days are needed to facilitate communication between the lawyers and the client.

To show our good faith, I can also offer to be flexible regarding the concern that Susman Godfrey had raised about the "recent foreign judgments" in the below email. Respectfully, I think that some of your authorities probably should have been included in HVY's "addendum" to the Brief, or else added to the record by Motion (not just inserted into the Joint Appendix). In any event, with so many ongoing parallel developments, perhaps flexibility is the best policy.

Please let me know HVY's views on the above, which I will communicate to the Court. Thanks very much.

Respectfully,
David

David P. Riesenberg
Pinna Legal U.S. PLLC
10 G Street NE, Suite 600 (Room 648)
Washington, D.C., 20002, U.S.A.
T: +1 (202) 549-2477
E: driesenberg@pinna-legal.com

Privileged and confidential – Attorney Correspondence / Confidentiel – Correspondance d'avocat

---

**From:** Steven M. Shepard <SShepard@susmangodfrey.com>
**Date:** Wednesday, May 1, 2024 at 3:42 PM
**To:** David Riesenberg <driesenberg@pinna-goldberg.com>
**Cc:** Jillian Hewitt <JHewitt@susmangodfrey.com>, Stephanie Spies <SSpies@susmangodfrey.com>, Rodney Polanco <RPolanco@susmangodfrey.com>, Jacob W. Buchdahl <jbuchdahl@susmangodfrey.com>
**Subject:** HVY v. RF -- additional judgments cited in our brief today

# David,

In our brief being filed today, HVY will cite three recent foreign judgments not yet in the district court's record. These are attached here and we plan to include them in the Joint Appendix (just the translations, not the original Dutch).

Respectfully,
Steven

Steven M. Shepard
Susman Godfrey LLP
Office: 212.729.2010
Cell: 914.282.5310