No. 23-7174

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

HULLEY ENTERPRISES LTD., ET AL.,
*Appellees.*

v.

RUSSIAN FEDERATION,
*Appellant.*

On Appeal from the United States District Court
For the District of Columbia,
Case No. 1:14-CV-01996 (Hon. Beryl A. Howell)

## APPELLEES' REPLY BRIEF IN SUPPORT OF THEIR MOTION
## FOR LEAVE TO FILE A SUR-REPLY

Steven M. Shepard
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8300

*Counsel for Appellees Hulley Enterprises Ltd., et al.*

Petitioners-Appellees Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd. (collectively, "**Shareholders**") respectfully submit this Reply Brief in support of their Motion for Leave to File a Sur-Reply ("**Motion**"), filed on July 5, 2024 (Doc. #2063192), and in response to the arguments made by Respondent-Appellant, the Russian Federation, in its Opposition filed on July 15, 2024 (Doc. #2064810) ("**Opp'n**").

**I.    Shareholders' Proposed Sur-Reply Is Appropriate**

The proposed Sur-Reply is limited in scope. It relates solely to the doctrine of issue preclusion—an important doctrine which will resolve this appeal in one stroke and give guidance to the District Court for future cases. The proposed Sur-Reply makes no new arguments regarding this doctrine. It is, instead, limited to rebutting four arguments made by the Russian Federation for the first time in its Reply Brief ("**Reply**").

The Russian Federation cites just one published decision of this Court as authority for denying the Shareholders' Motion. That decision is *Kiewit Power Constructors Co. v. Secretary of Labor*, 959 F.3d 381, 393 (D.C. Cir. 2020), in which this Court denied a request to file a sur-reply brief. The *Kiewit* case is not controlling here because in *Kiewit*, the reply brief did *not* contain new arguments. Instead, "[t]he arguments Kiewit complains of [in the reply brief] appear in the Secretary's principal brief, in substantially similar form." *Id.* Therefore, Kiewit had a fair opportunity, in

1

its response brief, to respond to the Secretary's arguments. Here, the situation is entirely different. Unlike the Secretary's "principal brief" in *Kiewit*, the Russian Federation's "principal brief" (its Opening Brief) did not contain a single word (much less, any argument) regarding the Dutch decisions or the doctrine of issue preclusion. All of the Russian Federation's arguments, relating to issue preclusion, were made for the first time in its Reply. The Shareholders, therefore, have not yet had any opportunity to rebut these four arguments—which makes the proposed Sur-Reply appropriate.

The Russian Federation's Opposition to this Motion nevertheless contends that Shareholders somehow should have guessed—based on the Russian Federation's filings in the District Court—what the Russian Federation would say about issue preclusion in its Reply, and then should have pre-rebutted those arguments in Shareholders' Response Brief. *See* Opp'n, at 4-8. Not so. Nearly all of the Reply's arguments are entirely new and were not made to the District Court. If this Court is to consider the doctrine of issue preclusion, then the Shareholders' rebuttal to the Reply's new arguments ought in fairness to be heard.

***Is this Court forbidden from applying issue preclusion in the first instance?*** Pages 2-5 of the proposed Sur-Reply rebut the Russian Federation's novel argument that the "equitable" foundations of the doctrine of issue preclusion mean that this Court may not consider the doctrine in the first instance. Reply, at 23. This argument,

2

regarding this Court's power to take up an issue in the first instance, was (of course) not made below. The argument is contradicted by a wall of appellate cases (including two published decisions of this Court) which hold that issue preclusion not only may be considered in the first instance on appeal, but may even be raised by an appellate court *sua sponte*. There is no justification for allowing the Russian Federation to have the last (incorrect) word on this point. The Reply's baseless assertion that this Court lacks authority to consider the doctrine should not go unrebutted.

***Does the "text of the New York Convention foreclose application of issue preclusion in this context"?*** Pages 5-16 of the proposed Sur-Reply rebut the Russian Federation's claim that "the text" of the New York Convention "foreclose[s] application of issue preclusion" in this case. Reply, at 19. Here again, this argument was not made below. *See* ECF 246-1 ("Supplemental Reply in Support of Respondent's Motion to Dismiss"), at 7-10 (responding to the Shareholders' issue-preclusion argument without saying anything about the Convention's "text"). The argument does not survive contact with the Convention's actual text. Article III of the Convention expressly instructs that enforcement courts must follow their own domestic "rules of procedure"—an instruction that includes the doctrine of issue preclusion. Here again, the Russian Federation's incorrect assertion in the Reply, about the "text" of the Convention, cries out for the rebuttal that the proposed Sur-Reply provides.

3

Pages 5-16 of the proposed Sur-Reply also respond to numerous foreign cases that were cited for the first time in the Russian Federation's Reply. *See* Reply, at 22 n.8. Many of those cases were neither cited below nor provided to the District Court. One reason why the Shareholders had to wait several weeks to file their Motion was the delay by the Russian Federation's lawyers in obtaining and then providing to the Shareholders the English translations of these new authorities. *See, e.g.*, JADD614 (translation dated June 14, 2024).

***Is remand necessary to address issues of Dutch law?*** Pages 16-20 of the proposed Sur-Reply rebut the Russian Federation's claims about Dutch law that are made on pages 24-25 of the Reply. Here again, most of these claims were not made below. For instance, the Reply now takes aim at the February 20, 2024 decision of the Amsterdam Court of Appeal, in which that court thoroughly considered—and rejected—the Russian Federation's meritless claim that the Shareholders committed "fraud" during the arbitrations and during the Dutch proceedings. JADD461-72. That decision was handed down *after* the D.C. District Court's order that is now on appeal, and therefore was never addressed by the parties below nor considered by the District Court. In fairness, the Shareholders should be permitted to point out, in the proposed Sur-Reply, that the Amsterdam Court's decision is conclusive evidence that the Dutch courts have already provided the Russian Federation with ample "means" for "addressing" its spurious fraud allegations. Restatement (Fourth) of

4

Foreign Relations Law § 484 cmt. d (2018) (the "**Restatement**") (explaining that U.S. courts will give issue-preclusive effect to foreign judgments unless the party to be precluded was "offered no means for the addressing the fraud" in the foreign proceeding); *see also* JADD457 (describing the voluminous submissions, and oral hearing, permitted by the Amsterdam Court of Appeal on the "fraud" allegations).

The Russian Federation's Reply also contends (wrongly) that the Hague Court of Appeal's 2020 decision, and the Dutch Supreme Court's 2021 decision, would not have "preclusive effect" under Dutch law. Reply, at 24-25. Here again, this meritless argument was never made below. *See* ECF 246-1 ("Supplemental Reply in Support of Respondent's Motion to Dismiss"), at 7-10 (responding to the Shareholders' issue-preclusion argument without saying anything about the preclusive effect of the Dutch courts' judgments under Dutch law). The argument grossly distorts the U.S. doctrine of issue preclusion, according to which the relevant question is whether Dutch courts would apply the 2020 and 2021 decisions to preclude re-litigation of the existence, validity, and scope of the Russian Federation's agreement to arbitrate. *See* Restatement § 487 cmt. d & reporter's note 4. The answer to *that* question is plainly "yes," and the Shareholders ought to be allowed to rebut the Reply's attempt to mislead this Court about the relevant question to be asked under the U.S. doctrine of issue preclusion.

5

*Are the Shareholders judicially estopped from relying on issue preclusion?* Finally, pages 21-25 of the proposed Sur-Reply rebut the argument, made on pages 27-28 of the Reply, that the Shareholders are somehow "judicially estopped" from relying on the doctrine of issue preclusion. This frivolous argument was *not* preserved below. It was first mentioned in a reply brief in support of a motion seeking to compel discovery, *see* ECF 254, at 10-11, and the District Court's denial of that motion (without prejudice) was not appealed in the Notice of Appeal, *see* ECF 282. In fairness, the Shareholders ought to be allowed to explain, in the proposed Sur-Reply, why this argument is both forfeited and also wholly without merit, since the statements at issue meet *none* of the three required elements of "judicial estoppel."

II. **The Russian Federation's Request for Leave to File An As-Yet-Unspecified *Sur*-Sur-Reply Brief Should Be Denied**

On pages 9-12 of the Opposition, the Russian Federation demands, in the alternative, that this Court grant leave to file a *Sur*-Sur-Reply Brief making as-yet-unspecified arguments regarding the doctrine of issue preclusion. This demand is unwarranted; procedurally improper; and an obvious delaying tactic. Taking each point in turn:

*The demand is unwarranted.* As just described, the Shareholders' proposed Sur-Reply is narrowly tailored to rebutting to four new arguments made by the Russian Federation for the first time in the Reply. The proposed Sur-Reply contains

6

no *new* argument that was not already made in the Shareholders' Response Brief. The Russian Federation's own cited authority—this Court's *Kiewit* decision—holds that yet another *Sur*-Sur-Reply is therefore unwarranted. 959 F.3d, at 393 (sur-reply disallowed because the reply brief did not make any new arguments that did not already "appear in the Secretary's principal brief").

***The demand is procedurally improper.*** If the Russian Federation believes that a *Sur*-Sur-Reply is appropriate—notwithstanding the *Kiewit* standard—then the burden is on the Russian Federation to make its own separate motion that both (i) identifies with particularity just what arguments, in the proposed Sur-Reply, are "new" (there are none); and then (ii) describes in detail how the Russian Federation proposes to rebut those "new" arguments. The Russian Federation's Opposition makes no effort to do either of those things. Instead, the Opposition effectively demands a "do over" of its earlier Reply and *carte blanche* to file an entirely new brief on the doctrine of issue preclusion raising as-yet-unspecified arguments. If past is prologue, then the predictable result will be yet more entirely new (and wholly meritless) arguments on this doctrine, which will require yet *another* brief from the Shareholders to rebut. Enough is enough.

***The demand is a delaying tactic.*** The Russian Federation's demand for yet more briefing should also be denied because of the risk of further delay in this already long-delayed litigation. This action was filed in 2014, and has not yet

7

progressed past the threshold issue of sovereign immunity. It was stayed by the District Court (over Shareholders' objection) for more than two years. This appeal should be promptly calendared for oral argument. No further delay, for yet more briefing, should be allowed.

The Russian Federation's complaints about the word length of the proposed Sur-Reply do not warrant granting the Russian Federation's demand for a "do over" of its Reply. If the Russian Federation believed that it needed more words in its Reply in order to address issue preclusion, then the Russian Federation should have timely asked for an expansion of the word limit. The Russian Federation did not do so. That decision does not now entitle the Russian Federation to disrupt the orderly briefing schedule by filing an entirely new Reply Brief in the guise of a *Sur*-Sur-Reply.

The Shareholders respectfully request that the Court GRANT their Motion to file the proposed Sur-Reply, and DENY the Russian Federation's request for *carte blanche* permission to file a "do over" Reply Brief on the doctrine of issue preclusion.

Dated: July 18, 2024               Respectfully Submitted,

                                   */s/ Steven M. Shepard*
                                   Steven M. Shepard
                                   Susman Godfrey L.L.P.
                                   One Manhattan West, 50th Floor
                                   New York, New York 10001
                                   Telephone: (212) 336-8300

8

                                         Telephone: (212) 336-8300
                                         sshepard@susmangodfrey.com
                                         *Attorney for Appellees*

## CERTIFICATE OF COMPLIANCE

I, Steven Shepard, counsel for Appellees Hulley Enterprises Ltd. et al., and a member of the Bar of this Court, certify pursuant to Federal Rules of Appellate Procedure 27(d) and 32(g), that the foregoing Reply is proportionally spaced, has a typeface of 14 points or more, and contains 1,840 words.

/s/ *Steven M. Shepard*
Steven M. Shepard

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: July 18, 2024

*/s/ Steven M. Shepard*
Steven M. Shepard

*Attorney for Appellees Hulley Enterprises Ltd., et al.*