ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| HULLEY ENTERPRISES, LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM, LTD. | ) ) ) ) ) | |
| *Petitioners-Appellees*, | ) ) | |
| v. | ) ) | Case No. 23-7174 |
| THE RUSSIAN FEDERATION, | ) ) ) | |
| *Respondent-Appellant*. | ) ) ) | |

### RESPONDENT-APPELLANT'S
### REPLY IN SUPPORT OF THE MOTION IN THE
### ALTERNATIVE FOR LEAVE TO FILE AN EQUIVALENT SUR-REPLY

David P. Riesenberg
PINNA GOLDBERG U.S. PLLC
10 G Street, NE, Suite 600 (Room 648)
Washington D.C. 20002
+1 (202) 549-2477
driesenberg@pinna-goldberg.com

July 25, 2024

*Counsel for Respondent-Appellant*

Respondent-Appellant ("Respondent") respectfully submits this Reply Brief in support of Respondent's Motion in the Alternative for Leave to File an Equivalent Sur-Reply dated July 15, 2024 (Doc. #2064810), and in response to the arguments made by Petitioners-Appellees ("Petitioners") in **Part II** of their Reply Brief dated July 18, 2024 (Doc. #2065425) (opposing Respondent's request to file a Proposed Sur-Reply).[1]

### I. "The *Kiewit* Standard" Is Irrelevant to Respondent's Motion in the Alternative for Leave to Submit an Equivalent Sur-Reply

According to Petitioners, Respondent's Proposed Sur-Reply must supposedly be rejected under *Kiewit Power Constructors Co. v. Secretary of Labor*, 959 F.3d 381, 393 (D.C. Cir. 2020), where this Court denied a motion for leave to file a sur-reply. In Petitioners' view, *Kiewit* forecloses Respondent's request because Petitioners' Proposed Sur-Reply purportedly was "narrowly tailored to rebutting" Respondent's supposedly "new arguments." Petitioners' Reply 6-7. Petitioners are wrong in multiple respects, however, as detailed below.

---

[1] In accordance with D.C. Circuit Rule 27(c), the present submission is a "reply in support of the motion for affirmative relief," which Respondent had "combine[d]" with the opposition to Petitioners' Motion for Leave to File a Sur-Reply (Doc. #2063192). *See also Handbook of Practice and Internal Procedures* 29 (D.C. Cir. Mar. 16, 2021) (confirming that, "on a combined filing," the original movant may file "a reply … joined in the same pleading with a response" and the latter movant then also may file a "final reply").

2

***First***, the *Kiewit* decision is not relevant to Respondent's Motion in the Alternative. In that case, the Secretary of Labor merely opposed Kiewit's motion to file a sur-reply. *Kiewit*, 959 F.3d at 393. Unlike the present case, the Secretary was not asking to address Kiewit's contentions in any supplemental brief if a sur-reply was granted. *See id*. *Kiewit* is also distinguishable because that case involved a familiar and well-settled question of administrative law, which had already been analyzed extensively in the earlier administrative proceedings by the Administrative Law Judge and the relevant administrative agency.[2] It is not surprising that this Court denied leave for Kiewit to file any supplemental briefing under those circumstances.

In the present appeal, by contrast, **(1)** both parties are seeking leave to file supplemental briefs about **(2)** a complicated and significant legal issue of first impression in the D.C. Circuit, which **(3)** the district court entirely disregarded in the first-instance proceedings. *See, e.g.*, Proposed Amicus Br. 1, 7, 10 (Doc. #2053435) ("urg[ing] this Court to establish essential precedent" on this "[e]xceptionally

---

[2] *Kiewit Power Constructors Co.*, No. 11-2395 (OSHRC Dec. 24, 2012) (decision of the Administrative Law Judge); *Kiewit Power Constructors Co.*, 2018 OSAHRC LEXIS 41 (O.S.H.R.C. September 28, 2018) (holding that the Secretary of Labor's interpretation of the relevant statute was not entitled to deference under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 104 S. Ct. 2778 (1984) (overruled by *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024)).

[i]mportant" question, which "the district court avoided"). *Kiewit* therefore has no bearing on Respondent's Motion in the Alternative.

Indeed, Petitioners failed to identify even a single instance where one party was granted leave to file a supplemental brief—whether "narrowly tailored" or not—whereas the other party was not allowed to make any response. As Respondent explained, this Court and other appellate courts routinely authorize both parties to file supplemental briefs—sometimes called "Sur-Replies" and "Sur-Sur-Replies," but frequently using other terminology—upon concluding that the court would benefit from additional briefing. Resp.'s Mot. 9 & n.6 (citing, *e.g.*, *Elghannam v. Nat'l Ass'n of Bds. of Pharmacy*, 697 F. App'x 8, 8 (D.C. Cir. 2017), and authorities from the First, Second, Third, Fourth, and Federal Circuits). Petitioners fail even to acknowledge—let alone rebut—these authorities.

***Second***, Petitioners' Proposed Sur-Reply cannot possibly be described as "narrowly tailored." As explained in Respondent's Motion, Petitioners' Sur-Reply is even longer than Respondent's entire Reply Brief. It is also more than four times longer than the sur-replies considered by this Court in previous cases cited by Petitioners. *Id.* at 2 & n.1.

Moreover, Petitioners' Proposed Sur-Reply does not limit itself to arguments that are even plausibly "new," but rather contains detailed elaborations attempting to rescue Petitioners' earlier arguments. Petitioners do not deny that their Proposed

4

Sur-Reply repeats (yet again) Petitioners' arguments regarding the Second Circuit's precedents, which appeared in Petitioners' original brief on May 1, 2024, and in their 2022 submissions to the district court. *See id.* at 6-7. Petitioners also seek to resuscitate arguments about the supposed "preclusive effect" of the Dutch court's 2020 decision and the supposed finality of the Dutch court's 2024 decision (even though Respondent's appeal in cassation remains pending in the Dutch litigation). Petitioners' Reply 4-5. But Petitioners addressed those same issues in their original submission to this Court. *See* Petitioners' Final Br. 26-27. Finally, with respect to "judicial estoppel," Petitioners explicitly confuse the question of whether this argument was "new" (it was not) with the distinct question of whether this argument was "preserved below" in the 2022-2023 litigation before the district court (it was). Petitioners' Reply 6.

Accordingly, because none of those arguments was new, Respondent should be permitted equivalent briefing to address Petitioners' efforts at rehabilitating the vulnerabilities in Petitioners' old arguments and prior briefing (*i.e.*, if leave is granted for Petitioners' Proposed Sur-Reply).

***Third***, Petitioners make repeated invocations of "fairness." *Id.* at 2, 4, 6. But nothing about Petitioners' proposal is "fair." It obviously would not be fair to admit sixty-three pages of argument in support of Petitioners' position on the "issue preclusion" question, while restricting Respondent's briefing to less than eleven

5

<u>pages</u> on this issue. *See* Resp.'s Mot. 11-12. Petitioners thus duck this aspect of "fairness" entirely.

Nor do Petitioners explain how this lopsided situation could be reconciled with this Court's "'structural interests in a full adversarial presentation of issues,'" which require equivalent briefing from both sides as a precondition for sound judicial decision-making. *Id.* (quoting *Shatsky v. PLO*, 955 F.3d 1016, 1030 (D.C. Cir. 2020). Petitioners do not dispute that such interests are heightened in cases such as the present, which involve complicated and important questions of first impression before the D.C. Circuit. *See id.*

Accordingly, Petitioners' opposition to Respondent's Proposed Sur-Reply cannot be justified based on *Kiewit*, 959 F.3d at 393, or any other decisions of this Court.

## II. Respondent's Motion in the Alternative Is "Timely" and Is Not "Procedurally Improper"

Petitioners further assert that Respondent's Motion in the Alternative is "procedurally improper" and speculate baselessly that Respondent will have "*carte blanche*" to attempt a "do over" of previous arguments. Petitioners' Reply 7-8. Petitioners further characterize Respondent's request for equivalent briefing as a "delaying tactic" and suggest that Respondent's request was somehow not "timely." *Id.* All these assertions are wrong.

6

***First***, Petitioners suggest that Respondent's Motion is "procedurally improper" because "the burden is on the Russian Federation to make its own separate motion" that "describes in detail how the Russian Federation proposes to rebut those 'new' arguments." Petitioners do not cite any authority in support of these assertions. To the contrary, Federal Rule of Appellate Procedure 27(a)(3)(B) explicitly authorizes a party to "include a motion for affirmative relief" in the response to the opposing party's original motion. Moreover, as Respondent has explained, litigants frequently use this option to request leave to file a "Sur-Sur-Reply," and courts frequently granted those motions. Resp.'s Mot. 9 & n.6 (citing, *e.g.*, *Elghannam v. Nat'l Ass'n of Bds. of Pharmacy*, 697 F. App'x 8, 8 (D.C. Cir. 2017) and collecting circuit authority).

There is also no basis for Petitioners' suggestion that parties must "describe[] in detail" how they propose to rebut the opposing party's supplemental brief. Petitioners' Reply 7. Petitioners fail to cite any procedural rule or case law in support of this assertion. Indeed, Petitioners' own Motion for Leave did not contain any such detailed description.

Rather, Petitioners' Motion for Leave merely cited to the appended Proposed Sur-Reply itself ("**Exhibit 1**"), for which Petitioners allotted themselves <u>thirty-seven (37) days</u> to draft, finalize, and lodge on this Court's docket (without first obtaining leave). Obviously, this option could not be fairly employed by Respondent, because

7

the equivalent period of thirty-seven (37) days extends until August 12, 2024 (which was long after the deadline for Respondent's opposition to Petitioners' Motion). On August 12, which is less than three weeks from today, Respondent will lodge the Proposed Sur-Reply for this Court's review and consideration. Just as with Petitioners' Proposed Sur-Reply, this Court will then be able to see for itself whether Respondent's Proposed Sur-Reply is appropriate, useful, and necessary for reaching a fair decision on the "issue preclusion" question.

This is precisely how this Court and many other courts have approached the issue in the past—*i.e.*, allowing a party to lodge or file the proposed supplemental filing <u>after</u> (and sometimes <u>long after</u>) the motion seeking leave. *Poole v. Gov't Printing Office*, No. 17-5189, Order (D.C. Cir. Aug. 9, 2018), ECF No. 1744792 (allowing the movant to file the sur-reply brief <u>84 days after</u> the motion for leave); *see also Shell Energy N. Am. United States, L.P. v. FERC*, No. 22-1116, 2023 U.S. App. LEXIS 34432 (D.C. Cir. Dec. 27, 2023) (allowing the movant to file the sur-reply brief <u>82 days after</u> motion for leave); *State of North Carolina v. EPA*, No. 08-1225, Order (D.C. Cir. Oct. 9, 2009) (allowing the movant to lodge the sur-reply brief <u>42 days after</u> the motion for leave).[3]

---

[3] *See also, e.g., Santana-Vargas v. Banco Santander P.R.*, No. 18-1990, Order (1st Cir. May 3, 2019), ECF No. 00117434877 (allowing to file sur-reply <u>44 days after</u> appellees moved for leave); *Guerra v. Colvin,* No. 15-83, ECF No. 58 (2d Cir. July 16, 2015) (allowing to file sur-reply <u>62 days after</u> appellee moved for leave);

8

***Second***, there is no basis for Petitioners to speculate that Respondent will attempt a "do over" of previous arguments. To the contrary, it is <u>Petitioners</u> who have attempted a "do over" of this entire proceeding—by suggesting that this appeal should be briefed as if it were a Cross-Appeal under Rule 28.1, when Petitioners never filed any Cross-Appeal. Petitioners' Mot. 3 ("The situation is analogous to Shareholders having taken a cross-appeal of the District Court's failure to apply the doctrine of issue preclusion. If this were a cross-appeal, then Shareholders (as Cross-Appellants) would be entitled by rule to have the last word: a reply brief of 6,500 words, limited to the issues presented by the cross-appeal.").

From another perspective, Petitioners are also attempting a "do over" in their Proposed Sur-Reply, because they completely reverse their earlier position on the relevance of foreign judicial authorities for the "issue preclusion" question. In their original brief, Petitioners asserted that this Court should look to foreign courts in the U.K. and Singapore for guidance, because those foreign authorities were (supposedly) reflective of how the international arbitration system is intended to function. Petitioners' Final Br. 1, 14, 29 (suggesting that these foreign judicial decisions reflect how "the central purpose of the New York Convention" is

---

*Michelle Roche v. Aetna Inc.*, No. 16-1712, Order (3d Cir. Feb. 3, 2017), ECF No. 003112530857 (allowing to file sur-reply <u>51 days after</u> appellee moved for leave); *Adcock v. Freightliner LLC*, No. 06-2287, Order (4th Cir. Mar. 13, 2008), ECF No. 87 (allowing to file sur-reply <u>70 days after</u> appellants moved for leave).

9

implemented). After Respondent presented contrary authorities, however, Petitioners' Proposed Sur-Reply now attempts to backpedal from their original position—now clinging desperately to Article III of the 1958 New York Convention for the (mistaken) assertion that all national courts around the world should adopt <u>their own unique national approach</u> to the "issue preclusion" question in post-arbitration litigation. Petitioners' Proposed Sur-Reply 7-11.

To use Petitioners' phrase, "in fairness" Respondent ought to have an opportunity to address this completely new approach, which Petitioners adopted for the first time in their Proposed Sur-Reply on July 5, 2024. *See* Petitioners' Reply 2, 4, 6.

***Third***, and finally, there is no basis for Petitioners' suggestion that Respondent's Proposed Sur-Reply was not "timely" or is somehow a "delaying tactic." *Id.* at 7-8. Petitioners fail to cite any deadline for motions to file a sur-reply (because no such deadline exists). Nor do Petitioners explain why their Motion was timely on July 5, 2024, whereas Respondent's Motion in the Alternative was somehow untimely on July 15, 2024 (and only filed in response to Petitioners' Motion). It likewise makes no sense for Petitioners to suggest that Respondent has somehow "disrupt[ed] the orderly briefing schedule," when this is exactly what Petitioners have done by lodging their earlier Proposed Sur-Reply more than a month after the completion of scheduled briefing. *See id.*

In any event, there will not be much of a "delay," because the Proposed Sur-Reply will be lodged less than three weeks from today on August 12, 2024. In their letter of June 18, 2024 (Doc. #2060511), Petitioners acknowledged that oral argument could potentially be scheduled in this case as late as the last week of November 2024, if not later. Lodging Respondent's Proposed Sur-Reply on August 12, 2024, therefore, will not materially impact this schedule.

Finally, it should be recalled that Petitioners made similar arguments about "delay" in their Motion to Expedite (Doc. #2036452) at the outset of this appeal in January 2024. This Court wisely rejected that argument in favor of permitting fair and even-handed briefing from both sides. Per Curiam Order (Doc. #2039581), Feb. 9, 2024. This Court should likewise now reject Petitioners' latest attempt to gain an unfair advantage—*i.e.*, unequal briefing—based on meritless complaints about "delay," with respect to arguments that were already foreseeable when Petitioners filed their original brief on May 1, 2024.

## **CONCLUSION**

For the reasons set forth above, this Court should grant Respondent's Motion in the Alternative for Leave to File an Equivalent Reply of approximately 6,402 words by August 12, 2024.

July 25, 2024                              Respectfully submitted,

                                           */s/ David P. Riesenberg*
                                           David P. Riesenberg (D.C. Bar No. 1033269)
                                           PINNA GOLDBERG U.S. PLLC
                                           10 G Street, NE, Suite 600 (Room 648)
                                           Washington D.C. 20002
                                           +1 (202) 549-2477
                                           driesenberg@pinna-goldberg.com


                                           *Counsel for Respondent-Appellant*

## CERTIFICATE OF COMPLIANCE

The undersigned Counsel certifies that the foregoing submission is proportionally spaced, has a typeface of 14 points or more, and contains 2,299 words.

July 25, 2024                                              Respectfully submitted,

*/s/ David P. Riesenberg*
David P. Riesenberg

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using the CM/ECF system, which will send notification of the filing to counsel of record who are registered CM/ECF users.

July 25, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ David P. Riesenberg*
　　　　　　　　　　　　　　　　　　David P. Riesenberg